**PETER CRISPIN and HENRY JAMIESON, Appellants**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 10-92

November 11, 1993

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice, MUNSON,** Acting Associate Justice, VAIVAO, Associate Judge, MAILO, Associate Judge.

Counsel: For Appellants, Roy J.D. Hall, Jr.
 For Appellee, Cheryl Quadlander, Assistant Attorney
 General

KRUSE, Chief Justice

---

* Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States Court of Appeal for the Ninth Circuit, serving by designation by the Secretary of the Interior.

In this case strong winds blew over a government shed, sending its roof onto a motorboat co-owned by appellants and parked near appellant Crispins' place of business located in the Industrial Park at Tafuna. As a result, the motorboat was damaged, and appellants sued the government, alleging negligent construction of the shed as being the proximate cause of that damage.

■ The trial court, while noting that the shed was of inferior quality, found that its construction met minimum applicable building-code requirements and therefore concluded that the government was not negligent. At the same time, the trial court also found that even a reasonably constructed shed, of the type in question, "probably would not have repelled hurricane winds in excess of 80 to 90 miles per hour" and that "[r]ecorded Hurricane Ofa winds reached 88.5 miles per hour in velocity at or about the time the shed's roof was blown onto plaintiffs' motorboat." Slip op. at 12. In these circumstances, the court decided that the shed's construction was not a "substantial factor" in bringing about appellants' damage, citing to RESTATEMENT (SECOND) OF TORTS § 432(1) for the proposition that "[n]egligence of the landowner or land occupier is not a substantial factor proximately causing harm if harm would have occurred despite the negligence of the landowner or land occupier." Rather, the lower court concluded, "Hurricane Ofa was the legal proximate cause of plaintiffs' property damage." Slip op. at 13.

■ Appellants contend that the trial court's conclusion of no negligence was erroneous, in that it was premised on the outmoded 1964 Uniform Building Code, since replaced by the post-Ofa adoption of the 1988 Uniform Building Code. Appellant submits that the heightened requirements of the later version of the Uniform Building Code set or established the applicable standard of reasonableness and that those requirements were known to appropriate government officials at all relevant times. Additionally, appellants contend that the trial court's finding that damage would have occurred even without negligence on the government's part was the product of "conjecture." To this end, appellants argue that the court must necessarily have assumed that the day's strongest wind gusts caused the shed's roof to be blown off, when there was no testimony to that effect. Appellants further argue that the trial court was unduly influenced by irrelevant testimony as to damage occurring in the vicinity later on in the day.

The question whether the defendant's conduct was a "substantial factor" in producing harm to plaintiff is one for the fact-finder to determine, unless the testimony is so undisputed and uncontradictory that reasonable

men could not differ. RESTATEMENT (SECOND) OF TORTS, § 434, *see* Comment c. From our review of the record below, we are satisfied that the evidence sufficiently permits one reasonably to draw the conclusion that damage would have occurred regardless of any negligence by the government. The testimony regarding damage occurring later in the day was hardly irrelevant, as the court was attempting to determine whether proximate cause was or would have been the hurricane. Additionally, the court also looked at damage occurring at approximately the same time as the event in question. Furthermore, the testimony alluded to considerable other damage in the Tafuna Industrial Park area, and nothing on the record suggests that these other structures were also minimally constructed.

The trial court's conclusion as to causation is amply supported, and as long as reasonable people could differ on the facts as presented below, the decision of the fact-finder should not be disturbed. We affirm.

It is so ordered.